UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
DONNA LONGWOLF                      )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   C.A. No. 17-431 WES
                                    )
ASHBEL T. WALL, et al.              )
                                    )
        Defendants.                 )
_____)


**ORDER**

WILLIAM E. SMITH, Chief Judge.

   Before the Court is Magistrate Judge Lincoln D. Almond's Report and Recommendation ("R&R"), ECF No. 62, which recommends that the Court deny the Motion for Summary Judgment ("Def.'s Mot.") filed by Defendants Lifespan Physician Group, Inc. ("LPG") and Michael Burgard, M.D., ECF No. 44. Defendants filed a timely objection to the R&R ("Obj."), ECF No. 63, and Plaintiff filed a timely Memorandum of Law in Support of the R&R ("Pl. Mem."), ECF No. 64. This Court's review of objections is de novo. See Fed. R. Civ. P. 72(b)(3). For the reasons set forth below, the Court ACCEPTS the R&R in full and adopts its reasoning.

   Both parties agree that Plaintiff's alleged injury occurred in October 2014, but that she did not add LPG and Dr. Burgard as

named defendants until January 2018, after the three-year statute of limitations had passed. See R&R 3-4; Def.'s Mot. 5-10. Plaintiff contends that she gets around that problem because she falls under the ambit of R.I. Gen. Laws § 9-5-20 (the "John Doe statute"), which allows a plaintiff to toll the statute of limitations by naming an unidentifiable defendant as "John Doe" initially and then amending the complaint later when the plaintiff learns the actual defendant's identity. See R&R 4. Defendants argue that the John Doe statute does not apply because Plaintiff knew Dr. Burgard was involved from the beginning, and she did not act diligently to learn defendants' identity after naming them as "John Does." Obj. 6-8.

The Court agrees with Judge Almond's assessment of the applicability of the "John Doe statute," and specifically his finding that "[g]iven the institutional setting, Plaintiff did not have a reasonable factual basis to include LPG and/or Dr. Burgard as Defendants in this case until Plaintiff's counsel learned of their apparent role in providing the overall care to Plaintiff." R&R 6-7. Defendants' objection to this conclusion – that Plaintiff knew Dr. Burgard was involved in decisions about her medical care because his name was on the Medication Sheet & Administrative Records – is satisfactorily rebutted by the Plaintiff's description of the cursory and inaccurate nature of those records,

2

and the description of Plaintiff's current mental capacity. See Pl. Mem. 4-6, 9-10.

Additionally, the Court is persuaded by Plaintiff's reading of one of the few relevant cases, Sola v. Leighton, 45 A.3d 502 (R.I. 2012). See Pl. Mem. 12-13. Sola is inapposite because there, unlike in the instant case, the plaintiff possessed explicit information that the defendant was the person responsible for the alleged injurious conduct against her, and did nothing for three years despite that knowledge. 45 A.3d at 507; see Pl. Mem. 13.

The parties dispute whether Plaintiff exercised the "due diligence" required by the John Doe statute to ascertain the identity of the defendants. But the issue of whether Plaintiff did or did not diligently attempt to discover defendants' identity is a question of fact not appropriately resolved at the summary judgment stage. See Pl. Mem. 13-14; Hall v. Ins. Co. of N. Am., 666 A.2d 805, 806 (R.I. 1995) (finding that it is a "question of fact to determine whether due diligence was exercised" and "[i]t is, of course, impossible to determine a question of fact on a motion for summary judgment.").

Accordingly, the Court fully ACCEPTS the R&R, ECF No. 62, and adopts its reasoning. Defendants' Motion for Summary Judgment, ECF No. 44, is DENIED.

IT IS SO ORDERED.

/s/ W. E. Smith
_____
William E. Smith
Chief Judge
Date: November 1, 2019